IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GLENN WINNINGHAM FEARN[1] a/k/a glenn winningham; house of fearn a man, Demandant,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY C. GRAHAM, et al,<br><br>Defendants. | Civil Action No. 4:20-cv-00161-O |

## ORDER

Pending before the Court is Defendant U.S. Attorney Erin Nealy Cox's ("Cox") Motion to Dismiss (ECF No. 13). For the following reasons, Defendant Cox's Motion to Dismiss is **GRANTED** and any claim against the Honorable Judge John McBryde ("Judge McBryde") is **DISMISSED**.

### I.   FACTUAL BACKGROUND

Glenn Winningham Fearn ("Fearn") filed this case against a number of officials in Tarrant County state court. Two of the Defendants he sued are Judge McBryde and Cox. While Fearn's complaints against Judge McBryde and Cox are not clear, he appears to complain that Judge McBryde dismissed previous cases that Fearn filed and that Cox has refused to prosecute referrals he has made to her office.

Cox argues she is entitled to dismissal because, to the extent she is sued in her official capacity, Fearn's claims should be dismissed because they are barred by sovereign immunity and, if he is suing her in her individual capacity, she is entitled to prosecutorial immunity. She also

---

[1] Plaintiff styled this case "glenn winningham; house of fearn a man, Demandant," The Court uses his true name, according to his passport. *See* Defendant's Motion to Dismiss fn 1.

asserts the case should be dismissed because Fearn failed to timely serve her and because he fails to state a claim for a relief against her.

While Judge McBryde has not appeared in this matter, a sua sponte review of the pleadings demonstrate that he is protected by judicial immunity and is therefore entitled to dismissal. *See Hobbs v. United States*, 73 Fed. App'x 54 (5th Cir. 2003).

## II.     ANALYSIS

### A. Cox

The United States may not be sued except when it has consented to be sued. *Williamson v. U.S. Dep't of Agric.*, 815 F.3d 368, 373 (5th Cir. 1987). This waiver must be unequivocal and within the statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Federal Tort Claims Act sets out exceptions to sovereign immunity. 28 U.S.C. §§1346, 2671–2680. It requires that a claimant must first bring an administrative claim and allow the offending agency at least six months to act on the claim before bringing suit. 18 U.S.C. §2675(a).

Plaintiff has identified no statutory authorization to bring this suit against the United States for its failure to prosecute cases he has referred to it. Accordingly, any claim he makes in this lawsuit against the United States is **DISMISSED without prejudice** for lack of jurisdiction.[2]

If his claim is instead against Cox in her personal capacity, it should be dismissed because she is entitled to prosecutorial immunity. Prosecutors are entitled to immunity for actions related to initiating, investigating, and pursuing a criminal prosecution, *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980), even if done maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Plaintiff does not articulate any acts by Cox that fall outside the duties of investigating and deciding whether to pursue a criminal prosecution. Accordingly, any

---

[2] Neither has Fearn pled he timely submitted an administrative claim. Accordingly, the claim would also be dismissed because he failed to exhaust administrative remedies.

claims against Cox in her personal capacity are **DISMISSED with prejudice** for failure to state a claim.

### B.  Judge McBryde

The first thing to address is whether any member of the Northern District of Texas should decide any claim against Judge McBryde. If the complaint asserted a colorable claim for relief against Judge McBryde, the undersigned would likely recuse, and it may be necessary to seek appointment of a judge from another district to hear the case. *See generally* Committee on Code of Conduct, Compendium of Selected Ethics Opinions § 3.6–6[1] ("When a judge or judicial nominee is named as a defendant and his credibility or personal or financial interests are at issue, all judges of the same district should recuse, unless the litigation is patently frivolous or judicial immunity is clearly applicable.").

That step is not needed here because Fearn's nearly incoherent complaint shows he is only frustrated or disappointed by the results of lawsuits over which Judge McBryde has presided. As detailed below, judicial immunity is clearly applicable to any claims he has against Judge McBryde. In this instance, a judge need not disqualify himself. *See, e.g., Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y 1995) (denying request for recusal by vexatious serial litigator, stating "this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named as defendants in a truly meritless lawsuit. [Section 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this."); *Nottingham v. Acting Judges of District Court*, 20006 WL 1042761, at *1 (S.D. Ind. Mar. 24, 2006) (denying request for recusal where complaint named all acting

judges on district court since "all allegations against judges of this district address actions taken in the course of presiding over other cases."')' *id*. ("It does not take too long on the job before a district judge encounters complaints that name as defendants all members of the Supreme Court of the United States, all member of the regional Court of Appeals, all members of the District Court, and/or all members of the state's Supreme Court.").

Judge McBryde is immune from the purported claims made against him in this suit. The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judicial immunity is complete immunity from suit and not merely protection from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11; *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Further, allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

A plaintiff may overcome the bar of absolute judicial immunity in two limited circumstances. First, a judge is not immune for actions that are not "judicial" in nature. *Id*. Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *Id*. at 12; *see also Malina v. Gonzalez*, 994 F.2d 1121, 1124 (5th Cir. 1993). Acts by a judge are judicial in nature when they are "normally performed by a judge" and the affected party "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Sparkman*, 453 U.S. at 362); *Ballarde v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (judges possess immunity for all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and

4

however evil the motive."). Allegations that a judge engaged in a conspiracy and committed serious procedural errors are insufficient to overcome judicial immunity. *Mitchell*, 944 F.2d at 230; *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985).

Fearn's claims against Judge McBryde demonstrably arise from judicial actions taken in prior court proceedings. Fearn's dissatisfaction with Judge McBryde's rulings in these prior lawsuits is not a basis for any claims asserted in this lawsuit. In sum, Fearn has failed to overcome the bar of absolute judicial immunity. Specifically, he has failed to show that Judge McBryde's actions in the prior cases were not "judicial" in nature, or that his actions, although judicial in nature, were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. Accordingly, any claims against Judge McBryde are **DISMISSED with prejudice.**

### III.   CONCLUSION

Based on the foregoing, Erin Nealy Cox and Judge John McBryde are **DISMISSED** from this case. As the only basis for the removal of this case was the presence of federal officers, the judgment dismissing Erin Nealy Cox and Judge John McBryde shall be final. In the exercise of discretion, the claims against the remaining Defendants are severed and remanded to the 236th District Court of Tarrant County Texas.

**SO ORDERED** on this **11th day** of **March, 2020**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5